UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS HERRERA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RETROFITNESS, LLC,<br><br>Defendant. | Civil Action No. 23-cv-14801 (JXN)(AME)<br><br>**OPINION** |

<u>NEALS</u>, District Judge:

Before this Court is Defendant Retrofitness, LLC's ("Defendant") motion to dismiss Plaintiff Carlos Herrera's ("Plaintiff"), on behalf of himself and all others similarly situated, Second Amended Complaint (ECF No. 24) ("SAC" or "Second Amended Complaint"), for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and lack of standing, pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 30). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188. Venue is proper pursuant to 28 U.S.C. § 1391(b). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendant's motion to dismiss (ECF No. 30) is **GRANTED**. The Second Amended Complaint (ECF No. 24) is **DISMISSED without prejudice**.

**I.    BACKGROUND**[1]

Plaintiff, a resident of North Bergen, New Jersey, is visually impaired and legally blind. (SAC ¶¶ 5, 17). Defendant maintains four physical locations within ten (10) miles of Plaintiff's

---

[1] The following factual allegations are taken from the Second Amended Complaint that are accepted as true. *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010).

residence: Fort Lee, Jersey City, North Arlington, and Wallington. (*Id.* at ¶ 21). Defendant's website is utilized in conjunction with its physical locations by providing (i) "information concerning what is offered by Defendant at the physical locations (including membership fees, personal training, and group workouts"; (ii) "the location of the physical gyms"; (iii) "the opportunity to make payments and purchase services online (including joining the gym and other online deals)"; and (iv) "providing information and access to online sales and offers." (*Id.*)

On or around February 2023, Plaintiff visited Defendant's website using a screen reading software[2] called Voice Over, "to compare prices of his current gm, to that of their competitors, in close proximity to Plaintiff." (*Id.* at ¶ 23). However, the website's lack of features and accommodations "effectively barred Plaintiff from being able to enjoy the privileges and benefits of Defendant's public accommodation." (*Id.* at ¶ 24). Plaintiff alleges barriers on the website left him unable to "find out the locations of the nearest gym to him – because the screen reading technology was unable to read him the locations" or "see the membership fees" because the website "limited Plaintiff's zoom capability." (*Id.* at ¶ 27). Many features on the site failed to accurately describe the contents of graphical images, failed to properly label titles, failed to distinguish one page from another, contained broken links, contained headings that do not describe the topic or purpose of the page, and contained text that was not read. (*Id.* at ¶ 28). These access barriers have "effectively barred" Plaintiff from "1) finding the gym, 2) determining their prices and offerings even before going to the gym, [and] 3) comparing the gym offerings with other gyms." (*Id.* at ¶ 29). As such, Plaintiff has been denied the ability to use and enjoy Defendant's website, along with the gym's goods and services, the same way sighted individuals do. (*Id.* at ¶

---

[2] According to the Second Amended Complaint, "screen-reading software provides the blind and visually-impaired the ability to fully access websites . . . , and the information, products,[ and] goods [] contained thereon." (SAC ¶ 9). In order "for screen-reading software to function, the information on a website must be capable of being rendered into text." (*Id.* at ¶ 10).

2

26).

On July 28, 2023, Plaintiff initially commenced this action in the Superior Court of New Jersey, Law Division, Hudson County, which Defendant subsequently removed. (ECF No. 1). On October 9, 2023, Defendant moved to dismiss the Complaint. (ECF No. 8). Thereafter, Plaintiff filed a First Amended Complaint (ECF No. 10), and the Court subsequently denied the motion to dismiss as moot. (ECF No. 11). Defendant moved to dismiss the First Amended Complaint (ECF No. 16), which the Court granted without prejudice. (ECF No. 23).

On September 5, 2024, Plaintiff filed a Second Amended Complaint. (ECF No. 24). In the Second Amended Complaint, Plaintiff raises two causes of action: (i) violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* (First Cause of Action); and (ii) declaratory relief under the ADA (Second Cause of Action).[3] (SAC ¶¶ 43-53). Plaintiff claims that Defendant's website is a public accommodation under the ADA, and it has unlawfully discriminated against him and other similarly situated visually impaired or blind people by failing to make its website accessible. (*Id.* at ¶¶ 43-53). He also seeks to certify the following class: "All legally blind individuals in the United States who have attempted to access Defendant's Website and as a result have been denied access to the equal enjoyment of goods and services during the relevant statutory period." (*Id.* at ¶ 37). Plaintiff seeks attorneys' fees and costs, a preliminary and permanent injunction that requires Defendant to make and keep its website accessible to and usable

---

[3] While the Second Amended Complaint characterizes Plaintiff's request for declaratory relief as a second cause of action (SAC ¶¶ 51-53), "declaratory relief is a remedy, not an independent cause of action." *Shulman v. McDonalds's USA, LLC*, No. 25-2327, 2025 WL 1640267, at *1 n.1 (D.N.J. June 10, 2025) (citing *Neuss v. Rubi Rose, LLC*, No. 16-2339, 2017 WL 2367056, at *9 (D.N.J. May 31, 2017)); *see also Kabbaj v. Google Inc.*, 592 F. App'x 74, 75 n.2 (3d Cir. 2015) (affirming dismissal of count for declaratory and injunctive relief, because "declaratory and injunctive relief are remedies rather than causes of action."); *Cole v. NIBCO, Inc.*, No. 13-7871, 2015 WL 2414740, at *15 (D.N.J. May 20, 2015) (holding that "declaratory relief and injunctive relief, as their names imply, are remedies, not causes of action"); *Lee Dodge, Inc. v. Kia Motors Am., Inc.*, No. 10-5939, 2011 WL 3859914, at *1 n.1 (D.N.J. Aug. 31, 2011) (dismissing counts for declaratory and injunctive relief because they "are not substantive claims but rather requests for remedies").

3

by blind people, and a declaration that Defendant's current website violates the ADA. (*Id.* at 11-12).

On February 24, 2025, Defendant filed a motion to dismiss the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 30). ("Br."). Plaintiff opposed the motion (ECF No. 32) ("Opp'n"), to which Defendant replied. (ECF No. 33) ("Reply"). Accordingly, the motion is ripe for the Court to decide.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "'A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.'" *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (quoting *Ballentine v. U.S.*, 486 F.3d 806, 810 (3d Cir. 2007))). A party can move to dismiss for lack of subject matter jurisdiction at any time. *Little v. W. Orange Sch. Dist.*, No. 23-402, 2024 WL 3858122, at *3 (D.N.J. Aug. 19, 2024). "Challenges to subject matter jurisdiction can be either 'facial' or 'factual.'" *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In considering a Rule 12(b)(1) motion to dismiss, a district court must first determine whether the motion "attack[s]" (1) the complaint as deficient on its face; or (2) "the existence of subject matter jurisdiction in fact, . . . apart from any pleadings." *Mortensen*, 549 F.2d at 891.

A "facial attack" asserts that the "plaintiff did not properly plead jurisdiction," whereas a "factual attack" involves an averment that "jurisdiction is lacking on the basis of facts outside of the pleadings . . . ." *Smolow*, 353 F. Supp. 2d at 566 (citing *Mortensen*, 549 F.2d at 891). Motions to dismiss for lack of standing are best understood as facial attacks. *In re Schering Plough Corp.*

4

*Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) ("Defendants' Rule 12(b)(1) motions are properly understood as facial attacks because they contend that the [a]mended [c]omplaints lack sufficient factual allegations to establish standing."). In a "facial attack", the court must "consider the allegations of the complaint as true." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (citation modified). When a party has yet to answer the Complaint or engage in discovery, the motion to dismiss is a facial attack on the Court's subject matter jurisdiction. *See Askew v. Trs. of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith, Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial"). On a "factual" attack, the Court may "weigh and consider evidence outside the pleadings" and no "presumptive truthfulness attaches to the plaintiff's allegations." *Davis*, 824 F.3d at 346 (citation modified). In both scenarios, the plaintiff bears the burden of proving jurisdiction. *Id.*

### B. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide the defendant with "fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). On a Rule 12(b)(6) motion, the "facts alleged must be taken as true" and dismissal is inappropriate where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation modified). A complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine a complaint's sufficiency, the Third Circuit requires a three-part inquiry: (1)

the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must "assume the[ ] veracity" of well-pleaded factual allegations and ascertain whether they plausibly "give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation modified).

### III. DISCUSSION

"'[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.'" *Perry v. Gonzalez*, 472 F. Supp. 2d 623, 626 (D.N.J. 2007) (quoting *Whitmore v. Ark.*, 495 U.S. 149, 154 (1990)); Article III standing is a "jurisdictional matter" that must be established "to warrant [a party's] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *In re Schering Plough*, 678 F.3d at 243-44. Accordingly, the Court first considers whether Plaintiff has demonstrated that he has standing to bring this suit.

To establish standing, a plaintiff must demonstrate that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). "The primary element of standing," and the only one the Court focuses its analysis on, "is injury in fact[.]" *Mileo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 478 (3d Cir. 2018) (citing *Spokeo*, 578 U.S. at 338). An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citations modified); *see also Spokeo*, 578 U.S. at 339.

Furthermore, because Plaintiff seeks injunctive relief, he "must also 'meet[ ] the preconditions for asserting an injunctive claim in a federal forum.'" *Doe v. Nat'l Bd. of Med. Exam'rs*, 210 F. App'x 157, 159 (3d Cir. 2006) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). "To establish standing in an action for injunctive relief, a plaintiff must show that he or she is likely to suffer *future* injury from the defendant's illegal conduct." *Id.* at 159-60 (citing *Roe v. Operation Rescue*, 919 F.2d 857, 864 (3d Cir. 1990)). "Past illegal conduct is insufficient to warrant injunctive relief unless it is accompanied by 'continuing, present adverse effects.'" *Id.* at 160 (quoting *Lyons*, 461 U.S. at 102). Put another way, "[i]n order to satisfy the injury in fact requirement for injunctive relief under the ADA, [a] [p]laintiff must show a 'real and immediate' threat of future injury." *Sarwar v. Gopinathjee LLC*, No. 20-15724, 2021 WL 3163971, at *4 (D.N.J. July 27, 2021) (quoting *Brown v. Showboat Atl. City Propco, LLC*, No. 08-5145, 2010 WL 5237855, at *7 (D.N.J. Dec. 16, 2010)).

Notably, "[t]he Third Circuit Court of Appeals has not directly addressed the contours of the injury in fact requirement in ADA cases." *S.F. by K.F. v. Sch. Dist. of Upper Dublin*, No. 17-4328, 2018 WL 1858363, at *3 (E.D. Pa. Apr. 18, 2018) (citing *Abbot v. Atl. City*, No. 11-4851, 2017 WL 1137441, at *14 (D.N.J. Mar. 27, 2017); *Garnet v. VIST Bank*, No. 12-5258, 2013 WL 6731903, at *5 (E.D. Pa. Dec. 20, 2013)). Notwithstanding, "when determining whether a threat of future injury is 'real and immediate' in the ADA context[,]" courts in this District consider four factors: "(1) the plaintiff's proximity to the place of public accommodation; (2) the plaintiff's past patronage; (3) definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel." *Sarwar v. L.S.K., Inc.*, No. 20-15684, 2021 WL 4317161, at *2 (D.N.J. Sept. 23, 2021) (citing *Sarwar*, 2021 WL 3163971, at *4); *see also Laufer v. Aark Hosp. Holding, LLC*, No. 20-5648, 2021 WL 6062269, at *4 (D.N.J. Dec. 22, 2021); *Laufer v. Buena Motel Corp.*, No. 20-

7

6438, 2021 WL 2802214, at *4 (D.N.J. July 6, 2021); *Independence Project, Inc. v. Shore Point Plaza, LLC*, No. 18-15048, 2020 WL 6363714, at *2 (D.N.J. Oct. 29, 2020). "Other district courts in this Circuit have referred to these factors as the 'intent to return' test." *Laufer*, 2021 WL 6062269, at *5 (citing *Mahoney v. Waldameer Park, Inc.*, No. 20-3960, 2021 WL 1193240, at *4 (E.D. Pa. Mar. 30, 2021)).[4]

The Court addresses each factor in turn. First, the Court finds factor one – "the plaintiff's proximity to the place of public accommodation" – weighs in Plaintiff's favor. Plaintiff, a North Bergen resident, alleges Defendant maintains four physical locations within ten miles – Fort Lee, Jersey City, North Arlington, and Wallington. (SAC ¶¶ 17, 21). However, the Court finds factors two and four to be neutral. Plaintiff does not allege that he patronized Defendant's website or physical locations, beyond visiting the website "[o]n or around February 2023" to "compare prices of his current gym, to that of their competitors, in close proximity to Plaintiff." (*Id.* at ¶ 23). Additionally, Plaintiff does not allege any nearby travel; rather, Plaintiff only alleges he "regularly goes to the gym in order to maintain his physical fitness." (*Id.* at ¶ 22).

However, "[t]he factor that holds the most weight is whether the [p]laintiff has definite

---

[4] Other district courts within this Circuit have used either the "intent to return" test or another test referred to as the "deterrent effect" test to determine whether a plaintiff has suffered an injury in fact. *See Walker v. Sam's Oyster House, LLC*, No. 18-193, 2018 WL 4466076, at *3 (E.D. Pa. Sept. 18, 2018); *see also Wilkins v. Smashburger Master, LLC*, No. 24-5184, 2025 WL 1346868, at *2 (E.D. Pa. May 8, 2025); *Hollinger v. Reading Health Sys.*, No. 15-5249, 2017 WL 429804, at *4-8 (E.D. Pa. Jan. 31, 2017); *Heinzl v. Boston Mkt. Corp.*, No. 14-997, 2014 WL 5803144, at *5 (W.D. Pa. Nov. 7, 2014); *Garner v. VIST Bank*, No. 12-5258, 2013 WL 6731903, at *4 (E.D. Pa. Dec. 20, 2013); *Klaus v. Jonestown Bank & Tr. Co. of Jonestown, PA*, No. 12-2488, 2013 WL 4079946, at *8 (M.D. Pa. Aug. 13, 2013). To satisfy the deterrent effect test, "a plaintiff must plead that (1) he has actual knowledge of barriers preventing equal access; and (2) he would use the facility if not for the barriers." *Walker*, 2018 WL 4466076, at *4 (citing *Hollinger v. Reading Health Sys.*, No. 15-5249, 2016 WL 3762987, at *11 (E.D. Pa. July 14, 2016)).

While the Court applies the four-factor test outlined *supra*, Plaintiff would still fail to meet the injury in fact requirement under the deterrent effect test. While Plaintiff alleges actual knowledge of "multiple barriers making it impossible for himself, and any other visually impaired or blind person" to enjoy Defendant's website and "gym's goods and services," (SAC ¶ 26), Plaintiff does not expressly aver his intention to use the website again. As such, Plaintiff has failed to allege sufficient facts that, if accepted as true, would allow the Court to draw the inference that Plaintiff would have utilized Plaintiff's website and gym locations if not for the accessibility barriers. *See Walker*, 2018 WL 4466076, at *4.

8

plans to return to the [d]efendant's place of public accommodation, and this factor is determinative in the present case." *Sarwar*, 2021 WL 3163971, at *4 (citing *Showboat Atl. City Propco*, 2010 WL 5237855, at *9). "'[S]ome day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan*, 504 U.S. at 564. "A general expressed desire is not sufficient to meet the threshold required for standing, rather a plaintiff must show a definitive intent to return that encompasses specific plans." *Sarwar*, 2021 WL 3163971, at *4 (citing *Showboat Atl. City Propco*, 2010 WL 5237855, at *10).

> In the Second Amended Complaint, Plaintiff alleges, in pertinent part:
>
> The fact that Defendant's website proved inaccessible to Plaintiff does not mean that Plaintiff will never return. Plaintiff regularly uses equipment that is common to all gyms. Like most all [sic] of Plaintiff's expenses, every few months, Plaintiff looks to see whether he can cut down his expenses by looking for other goods or services that he can obtain for a better price or product. However, Plaintiff only plans to do so with the personal assistance of a sighted individual, so he can fully understand Defendant's offerings—until the site becomes completely accessible such that he will be able to utilize the website at any time he wishes, regardless of whether he has access to a fully sighted person.

(SAC ¶ 25). Plaintiff fails to provide any allegations of his definitive plans to return to Defendant's website. The Court finds the allegations "lack the requisite specificity to turn his 'some day intentions' into 'concrete plans.'" *Sarwar*, 2021 WL 4317161, at *3 (quoting *Lujan*, 504 U.S. at 564); *see also Sarwar*, 2021 WL 3163971, at *4 ("Plaintiff has not been to the property and has not sufficiently alleged concrete plans to go to the property, undermining his conclusory allegation that he intends to return to the websites for the purpose of availing himself of the property's accommodations[.]"); *Sarwar v. Bipin-Seth Inc.*, No. 20-12744, 2021 WL 2850455, at *4 (D.N.J. July 8, 2021) (concluding that the plaintiff's plan to "revisit the hotel's online reservation system as soon as the Covid crisis is over" was a "someday allegation" insufficient to support the inference that the plaintiff was likely to suffer future harm).

9

As such, the Court finds Plaintiff has not demonstrated likelihood of future injury sufficient to establish Article III standing to assert a claim for injunctive relief. While Plaintiff's Second Amended Complaint, as currently pled, fails to establish standing, the Court recognizes that Plaintiff may still be capable of putting forth sufficient factual allegations to demonstrate that he has standing to seek injunctive relief. Accordingly, Plaintiff is granted leave to file a third amended complaint to attempt to cure the deficiencies outlined in this Opinion and properly establish standing.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (ECF No. 30) is **GRANTED**. The Second Amended Complaint (ECF No. 24) is **DISMISSED without prejudice**. An appropriate Order accompanies this Opinion.

DATED: September 10, 2025

HONORABLE JULIEN XAVIER NEALS
United States District Judge